**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NBT ASSOCIATES, INC.,

    Plaintiff,

v.                                                               Case No. 10-14108

ALLEGIANCE INSURANCE AGENCY CCI,
INC., et al.,

    Defendants.
                                                     /

**ORDER DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, SETTING DEADLINE FOR SERVICE, SETTING BRIEFING SCHEDULE, AND SETTING DATE FOR HEARING**

Plaintiff filed a complaint on October 13, 2010, in which it alleges that Defendants are in breach of certain franchise and non-compete agreements between Plaintiff and Defendants. In its motion for a temporary restraining order, Plaintiff cites the following purported immediate and irreparable harm: confusion of identity of names and documents with respect to Plaintiff's trademarks on "Advasure" and "Advasure Insurance Agency," and unauthorized capitalization on and dilution of Plaintiff's goodwill. (Pl.'s Mot. ¶ 11.) Defendants' alleged "diversion scheme" of which Plaintiff complains has been ongoing, by Plaintiff's averment, since May 2010. (Pl.'s Br. 6.) Therefore, the court finds that Plaintiff has failed to "clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse part[ies] can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). Accordingly,

IT IS ORDERED that Plaintiff's "Motion for . . . Temporary Restraining Order . . . and for Preliminary Injunction" [Dkt. # 4] is DENIED IN PART. Specifically, the court DENIES the request for a temporary restraining order.

IT IS FURTHER ORDERED that Plaintiff SERVE the complaint, motion, and this order on Defendants, in accordance with Rule 4 of the Federal Rules of Civil Procedure, by **October 25, 2010**. Defendants must file a response to Plaintiff's motion by **November 2, 2010**.[1]

A hearing on the motion for Preliminary Injunction will be held on **November 4, 2010, at 10:00 am.** Two hours are normally allocated for the proceedings on that date. Such hearings, in the experience of the court, are often comparable to non-jury trials, and counsel are thus directed comply with the following instructions:

**1)** **PLAINTIFF'S COUNSEL TO CONVENE FIRST MEETING**

Plaintiff's counsel must convene a meeting of all attorneys, as soon as can practically be done after the motion for preliminary injunction is filed, to discuss and resolve the issues noted herein. Such meeting may be by telephone if all purposes of this order can be effectively dealt with through such means.

**2)** **EXHIBITS: Examining, Pre-marking and Listing:**

a) Counsel must identify in separate lists and exchange with opposing counsel each exhibit and each deposition proposed as an exhibit. "Exhibit" includes items which a party will introduce and items which a party may introduce.

b) Counsel must promptly notify each other of any objections to the admissibility of a proposed exhibit and the basis of the objection.

c) Agreed-upon exhibits and depositions shall be considered admitted at the outset of the hearing.

---

[1] Defendants must also, of course, file and serve an answer in accordance with Rule 12 of the Federal Rules of Civil Procedure.

d) All exhibits must be marked **by counsel** in advance of the hearing. Counsel must not use court time by asking the court reporter to mark exhibits. Plaintiff will use exhibit numbers beginning with 101, and defendant will use numbers beginning with 501.

**3) FILING OR SUBMITTING TO CHAMBERS STIPULATED EXHIBITS, DEPOSITIONS, TRIAL BRIEFS AND OTHER MATTERS**

a) Counsel for the plaintiff, **not later than three business days before the hearing date**, shall:

i. file a joint list of exhibits and depositions ("Joint Exhibit List"). Each exhibit and each deposition that is not agreed to by the parties must be followed by a notation near the right margin of the page entitled "Objection"; this notation shall be followed by a brief statement describing the nature or basis of the opposing party's objection;

ii. file a joint statement of counsel concerning the suitability of consolidation of the hearing and trial under Rule 65(a)(2)$^2$ ("Rule 65(a)(2) Statement"); and

iii. submit to the court (but do not file) copies of the exhibits themselves, unless bulk or other considerations make such submission impractical, and copies of the agreed-upon deposition testimony identified in the listing ordered above.

b) Each party must file not later than three business days before the hearing date:

---

[2] In a case where a permanent injunction is sought which is essentially a mirror of the preliminary injunction, counsel must discuss and recommend to the court the suitability of consolidating the hearing on the preliminary injunction with the trial on the merits of the application for permanent injunction, pursuant to Federal Rule of Civil Procedure 65(a)(1)(2).

i)   a "Hearing Brief," which shall include separately numbered proposed findings of fact[3] and a set of proposed conclusions of law; and

ii)  a list of the witnesses that each party intends to call, with a brief statement of the proposed testimony (one or two sentences) and an estimate of the time to be consumed in direct and cross examination of each witness.

                              s/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

Dated: October 21, 2010

---

[3] Counsel should try to agree on the significant facts. Please attempt to construct a consolidated set of findings of fact in the following manner:

- The proponent of the motion prepares separately-numbered proposed findings of fact and transmits them on paper and electronically to opposing counsel *ten* days before the hearing.
- Opposing counsel will agree, as appropriate, with each proposed fact, or disagree and propose an alternate, related fact in substitution for the fact with which counsel disagreed, and opposing counsel should propose additional facts as necessary; this reaction is then transmitted on paper and electronically to proponent of the motion *six* days before the hearing.
- The proponent of the motion will then react to the additional proposed facts electronically and on paper *three* days before the hearing.
- The final product can then be submitted to the court in a consolidated form electronically, and on paper.

This procedure will avoid having the parties independently drafting proposed facts, many of which are undisputed yet repeated in both versions.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 21, 2010, by electronic and/or ordinary mail.

               s/Lisa G. Wagner
               Case Manager and Deputy Clerk
               (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-14108.NBTASSOCIATES.SetHearingPreliminaryInjunction.jmp.wpd
5